**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

DeANTE T. HOLDEN,

Petitioner, : Case No. 3:26-cv-00316

- vs - District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

WARDEN,
London Correctional Institution,

:

Respondent.

---

# DECISION AND ORDER

---

This habeas corpus action under 28 U.S.C. § 2254 is before the Court upon the filing of Petitioner's "Amendment to Writ of Habeas Corpus on Request of Magistrate Judge Merz" (ECF No. 6).

Under Fed.R.Civ.P. 15, a petitioner may amend his petition once without court permission before an answer is filed. The Petition in this case is therefore deemed amended by the instant filing and Respondent will respond to those claims in the Answer which is due to be filed by October 26, 2026.

Still pending before the Court is the Motion to Stay (ECF No. 2) which Petitioner filed contemporaneously with the Petition. In the Order for Answer the Court delayed ruling on that Motion, finding "Petitioner's Motion does not show what claims he has made in post-conviction proceedings, what the nature of those proceedings is, and why they were not employed sooner."

(Order, ECF No. 4, PageID 28). The Order them provided: "Petitioner is directed to supplement his Motion within ten days with that information."

Petitioner's Amendment does not comply with that Order.

First of all, the Amendment is untimely. Petitioner claims he filed the Amendment by mailing it September 4, 2026 (ECF No. 6, PageID 39). He has filed a Cash Withdrawal form showing his request for withdrawal of postage on September 4, 2026. *Id.* at PageID 40. That form contains signatures purportedly approving the withdrawal and witnessing that approval. And yet the postmark on the filing is October 2, 2026, four weeks later (ECF No. 6-2, PageID 41). Respondent shall file forthwith an explanation of that delay.

While the delay in filing may not be Petitioner's responsibility, the content of the Amendment also does not comply. While Petitioner sets forth claims he now wishes to make in this proceeding, the Order was for claims already made in the state courts. His Amendment says nothing about any pending state court actions, either in terms of the kind of proceeding or the claims made. According to the Petition, the conviction was affirmed by the Second District Court of Appeals on April 25, 2025 (ECF No. 1, PageID 2). Again according to the Petition, Holden has not filed any other proceedings attacking the conviction. *Id.* at PageID 3. At least some of the claims he has added by the Amendment depend on facts outside the state court appellate record. That record must have been completed before the Second District made its decision. Petitioner's time to file for post-conviction relief is limited to 365 days after that record is complete and that time has expired. There cannot be good cause to stay this action pending completion of postconviction proceedings which are time-barred.

Petitioner's Motion for Stay is therefore denied without prejudice to its renewal upon a showing that Petitioner has already filed a petition for post-conviction relief which is not subject

to dismissal as time-barred.

October 6, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge